Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff Kennetha Bruner*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KENNETHA BRUNER | ) |
|  | ) |
| **Plaintiff,** | ) CIVIL ACTION NO: 3:15-cv-4071 |
|  | ) |
| v. | ) COMPLAINT |
|  | ) |
| ON-SITE MANAGER, INC. | ) JURY TRIAL DEMANDED |
|  | ) |
| **Defendant.** | ) |
|  | ) |
|  | ) |
|  | ) |

## I.   Preliminary Statement

1.   This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## II.   Jurisdiction and Venue

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

1

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.   Parties

4.     Plaintiff Kennetha Bruner is an adult individual who resides in the State of Oklahoma.

5.     Defendant On-Site, Inc., ("On-Site") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence.  On-Site regularly conducts business in the Central District of California, and has a principal place of business at 307 Orchard City Drive, Suite 110, Campbell, CA 95008.

## IV.   Factual Allegations

6.     Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

7.     The inaccurate information includes a false criminal history labeling the Plaintiff as a convicted felon and personal identifying information.

8.     The inaccurate information negatively reflects upon the Plaintiff and misidentified Plaintiff as a convicted felon.

9.     Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective landlords, both known and unknown.

10.     Plaintiff has applied for and has been denied housing opportunities, including but not limited to, housing opportunities with Chapel Ridge of Yukon in 2015.   Plaintiff has been informed that the basis for these denials was the inaccurate   information   that   appears   on   Plaintiff's   consumer   reports   with

2

Defendants and that the inaccurate information was a substantial factor for those denials.

11.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost housing opportunity, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

12.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

13.     At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.     CLAIMS
### COUNT ONE - FCRA

14.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

15.     At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

16.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

17.     At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

18.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the

3

requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

19. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.   JURY TRIAL DEMAND

20. Plaintiff demands trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**TATAR LAW FIRM, APC**

BY: _____

Stephanie Tatar

Attorney for Plaintiff

DATE: September 2, 2015

4

COMPLAINT AND JURY DEMAND